IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 MAY 25  P 3: 20

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

FRED FOSTER d/b/a UNLEASHED                )
PRODUCTIONS,                               )
                                           )
          Plaintiff,                       )
                                           )    CIVIL CASE No: 2:07CV472-WKW
vs.                                        )
                                           )    JURY DEMAND
ROY JONES & THE BODY HEAD                  )
BANGERZ d/b/a BODY HEAD                    )
ENTERTAINMENT.                             )
                                           )
          Defendant.                       )

## VERIFIED COMPLAINT

### STATEMENT OF THE PARTIES

1.    Plaintiff, Fred Foster d/b/a Unleashed Productions, hereinafter referred to as

      Plaintiff is a domestic proprietorship which at all times material hereto conducted

      business made the basis of this suit in Montgomery County, Alabama.

2.    Defendant Roy Jones & The Body Head Bangerz d/b/a Body Head Entertainment,

      hereinafter referred to as Defendant is a foreign corporation  whose principal place

      of business is the State of Florida.

### STATEMENT OF JURISDICTION

3.    This Honorable Court has jurisdiction over the matters complained of herein due

      to diversity of citizenship of the parties.

### STATEMENT OF FACTS

4.    Plaintiff, at all times material hereto, was engaged in the business of promotion of

      entertainment for profit.

5.    Defendant, at all times material hereto, was engaged in the entertainment industry

providing entertainment in the form of live "rap" concerts for monetary consideration.

6. On or about 27 May 2005 the parties entered into a contractual agreement whereby Defendant would appear in Montgomery, Alabama and perform Defendant's "art" of "rap" music and in consideration thereof Plaintiff would pay to Defendant the sum of $8,000.00 as a deposit.

7. Plaintiff caused to be transferred to Defendant the sum of $8,000.00 via a interstate wire transfer.

8. Defendant accepted said deposit sum of $8,000.00 from Plaintiff and thereby agreed to appear and perform on a date certain, 8 July 2005, in Montgomery, Alabama.

9. Plaintiff thereafter began promoting the event and incurring numerous and necessary expenditures while all the time in reliance upon Defendant's contractual agreement to appear and perform as agreed.

10. Plaintiff diligently promoted the event and in fact the event was on schedule to be a successful event until such time as Defendant failed to appear.

11. At no time prior to the event did Defendant contact Plaintiff and inform Plaintiff that he would not appear and perform.

12. Defendant led Plaintiff to believe up until show time that he would appear having never informed Plaintiff otherwise.

## COUNT I
## BREACH OF CONTRACT

13. Plaintiff hereby re-iterates all preceding paragraphs as if fully set out herein.

14. On or about 27 May 2005 the parties entered into a contractual agreement whereby Defendant would appear in Montgomery, Alabama and perform Defendant's "art" of "rap" music and in consideration thereof Plaintiff would pay to Defendant the sum of $8,000.00 as a deposit.

15. Plaintiff caused to be transferred to Defendant the sum of $8,000.00 via a interstate wire transfer.

16. Defendant accepted said deposit sum of $8,000.00 from Plaintiff and thereby agreed to appear and perform on a date certain, 8 July 2005, in Montgomery, Alabama.

17. Defendant owed to Plaintiff a contractual duty to appear and perform pursuant to the terms of the parties agreement.

18. Defendant breached the terms of the contract by failing to appear and perform pursuant to the terms of the agreement between the parties.

19. At all times material hereto Plaintiff relied to his detriment on the contractual agreement of the parties.

20. Defendant's breach of the parties contract caused Plaintiff to suffer damages as follows;

   (1)   Loss of net (ticket sales) revenue in the amount of approximately $25,824.96;
   (2)   Loss of advertising expenditures in the amount of $3,062.00;
   (3)   Loss of rental expense in the amount of $5,000.00;
   (4)   Loss of security expense in the amount of $2,943.04;
   (5)   Loss of deposit (partial) in the amount of $1,400.00;
   (6)   Loss of lodging expense in the amount of $630.00;
   (7)   Loss of printing expense in the amount of $600.00;
   (8)   Loss of parking expense in the amount of $2,743.00;
   (9)   Loss of ticket share expense in the amount of $2,743.00;
   (10)  Loss of expense for Master of Ceremony $800.00

(11)    Loss of insurance premium

**WHEREFORE**, Plaintiff demands judgment against Defendant for actual, compensatory, and contractual damages in the amount of $45,746.00, plus reasonable attorney's fees and costs of litigation.

**COUNT II**
**CONVERSION**

21.    Plaintiff hereby re-iterates all preceding paragraphs as if fully set out herein.

22.    Plaintiff paid to Defendant a sum of $8,000.00 as a deposit for services of Defendant pursuant to the terms of the parties agreement.

23.    Plaintiff received a partial return of his deposit in the amount of $6,600.00.

24.    Plaintiff has demanded the return of the United States funds in the amount of $1,400.00 and Defendant has unlawfully refused to return the same.

25.    Plaintiff claims punitive damages of Defendant as a proximate consequence of Defendant's willful, oppressive, intentional, and or grossly negligent conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the sum of $1,400.00 in compensatory damages plus pre judgment interest, and, punitive damages in an amount to be determined by a jury, reasonable attorney fees, and costs associated with this cause of action.

**COUNT III**
**FRAUD**

26.    Plaintiff hereby re-iterates all preceding paragraphs as if fully set out herein.

27.    On or about 27 MAY 2005 the parties entered into a contractual agreement whereby Defendant would appear and perform and Plaintiff would promote said event and provide a venue therefore.

28. The event was eventually scheduled for 8 JULY 2005 in the venue of Montgomery, Alabama.

29. At all times material hereto, and prior to the scheduled event, Plaintiff was never informed by Defendants that they would not be appearing to perform. Moreover, Defendants led Plaintiff to believe that they would be in Montgomery to perform as scheduled by communicating with Plaintiff on 8 July 2005 that they were in route to Montgomery, Alabama.

30. Plaintiff reasonably relied on said information from Defendants but only to Plaintiff's detriment when Defendants never showed up to perform.

31. Defendants, on information and belief, have engaged in a pattern of practice of entering into contracts to perform and then subsequently failing to show up for said performance(s).

32. Defendants have reaped the benefit of being promoted from Plaintiff and caused Plaintiff to suffer significant economic loss.

33. As a direct and /or proximate consequence of Defendants intentional, gross, oppressive, malicious and fraudulent conduct Plaintiff has been caused to suffer economic loss in the amount of $45,746.00, plus interest, mental anguish, and lost future profits, reasonable attorneys fees, and costs of litigation plus punitive damages in an amount to be determined by a jury.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount of not less than $45,746.00 for compensatory and contractual damages, plus punitive damages in an amount to be determined by a jury, plus reasonable attorneys fees and costs of litigation.

## JURY DEMAND

34.    Plaintiff hereby demands a trial by jury on all Counts and issues contained herein.

**RESPECTFULLY SUBMITTED** this the 25th day of May, 2007.

_____

**Fred Foster d/b/a Unleashed Productions**
**PLAINTIFF**

**STATE OF ALABAMA**          )
                             )ss
**COUNTY OF MONTGOMERY**     )

Before me, _Jennifer Holton_, a Notary Public for the State at Large, personally appeared **FRED FOSTER**, who is known to me and who being first duly sworn doth depose and saith that he has read the foregoing **VERIFIED COMPLAINT** and that the facts therein are true and correct.

**SWORN** to and **SUBSCRIBED** before me on this the 24th day of May, 2007.

_____
NOTARY PUBLIC
State at Large
My Commission Expires: _02-07-11_

_____
Michael Guy Holton (HOL106)
Jennifer Mae Holton (DAV167)
Fuller,Taylor & Holton, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, Alabama 36117
(334) 244-0447
gholtonattorney@hughes.net
jholtonattorney@hughes.net