IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **FRED FOSTER d/b/a UNLEASHED PRODUCTIONS,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) ) |
| **ROY JONES & THE BODY HEAD BANGERZ d/b/a BODY HEAD ENTERTAINMENT,** | ) ) ) ) |
| **Defendant.** | ) ) |

CASE NO. 2:07-cv-472-WKW

# UNIFORM SCHEDULING ORDER

**Please read this order carefully. These deadlines and responsibilities may not be changed without leave of court. All parties are expected to comply with each and every provision of this order in a timely manner, and extensions will be granted only in extraordinary and unforeseeable circumstances. The parties are also expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, both of which can be found at http://www.almd.uscourts.gov/.**

Under Rule 16, Federal Rules of Civil Procedure, as amended, the Court is required to set a schedule for discovery and the filing of motions. Accordingly, it is ORDERED as follows:

**SECTION 1.** A pretrial conference is scheduled for **February 20, 2008,** in Courtroom 2E of the Frank M. Johnson, Jr. U.S. Courthouse Complex, One Church Street, Montgomery, Alabama. This cause is set for trial during the term of court commencing on **March 24, 2008,** in Montgomery, Alabama.

**SECTION 2.** Dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than **November 26, 2007.** A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. Failure to make such specific reference will result in the evidence not being considered by the court.

**SECTION 3.** No later than **December 17, 2007**, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations. If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement. Not more than FIVE (5) DAYS after this conference, counsel for the plaintiff

shall file a pleading titled "Notice Concerning Settlement Conference and Mediation".  This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial.

**SECTION 4.**  Motions to amend the pleadings and to add parties shall be filed on or before **October 1, 2007.**

**SECTION 5.**  Motions for class certification shall be filed on or before **October 15, 2007.**  A brief addressing the factors enumerated in Rule 23(a), (b) and (g) of the Federal Rules of Civil Procedure shall be filed with any such motion.

**SECTION 6.**  The failure to file a response to any motion -- either dispositive or non-dispositive -- within the time allowed by the Court shall indicate that there is no opposition to the motion.

**SECTION 7.**  All discovery shall be completed on or before **December 1, 2007**, except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 9 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the deadline in this paragraph extended to allow for deposing such witnesses.

**SECTION 8.**  The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

From the plaintiff(s), on or before **September 15, 2007.**

From the defendant(s), on or before **September 20, 2007.**

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

**SECTION 9.**  No later than **January 25, 2008,** each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file a list of the names, addresses, and telephone numbers of all witnesses, except witnesses to be used solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises.  The witness list should include the names of any witnesses required to be disclosed under Section 8.  Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from calling any witness not so identified.

**SECTION 10.**  No later than **February 13, 2008,** the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file deposition designations that the parties expect to use at trial.  Adverse parties shall within one week thereafter file deposition designations

expected to be used in response, and a party shall within three days of the designation of such responsive parts file the designation of any part that is desired as a rebuttal thereto. Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment. Except to the extent written objections are filed 14 days prior to the trial date, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated. Objections shall state with particularity the portions objected to, and the objecting party shall attach a copy of the portions to which the objections apply.

   **SECTION 11.** No later than **February 13, 2008,** the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file exhibit lists and furnish opposing counsel for copying and inspection all exhibits and tangible evidence to be used at the trial. <u>Proffering counsel shall have such evidence marked for identification prior to trial.</u> Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment. <u>Except to the extent written objections are filed, the evidence shall be deemed genuine and admissible in evidence. Objections shall be filed 14 days prior to the trial date, and shall set forth the grounds and legal authorities. The offering party shall file a written response to the objections no later than 7 days prior to trial and shall include a premarked copy of the evidence at issue.</u>

   **SECTION 12.** Except to the extent of any conflict with the deadlines set out herein, the Discovery Plan contained in the Report of Parties' Planning Meeting (Doc. # **11))** is adopted and incorporated herein.

   **SECTION 13:** *If a jury trial*: The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, on or before 14 days prior to the trial date unless said time is shortened by the court on motion of either party**.**  Trial counsel are directed to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions. The jury questionnaire is available on the court's website at http://www.almd.uscourts.gov/juryinfo.htm.

   **SECTION 14.** In cases involving jury trials, the term "trial date" as used in the foregoing deadlines shall mean the date set for jury selection.

   **SECTION 15**. GENERAL PROVISIONS:
   (A)    All briefs on any matter before the court must be formal in format and filed with the Court. The Court does not accept "letter briefs" or "letter reports."

   (B)    A request or motion for extension of a deadline in any court order (i) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contacted counsel for all other parties; and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion. A request or motion that fails to meet this requirement will

be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met. Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

    (C)    The proposed order that a party desires the court to enter should be submitted to the court in both (i) an Adobe Acrobat PDF format attachment to the motion and (ii) by transmitting an electronic copy of the proposed order to the court as an attachment to an email message sent to, propord_watkins@almd.uscourts.gov. For these purposes, the electronic copy should be in WordPerfect or Word format and not in Adobe Acrobat PDF format.

    (D)    If any party has an objection to these deadlines, the party should inform the court within 14 days from the date of this Order; otherwise, the court will assume that the deadlines are agreeable to all parties. Unless this Order is modified by subsequent Order of the court, the provisions hereinabove set out are binding on the parties.

    DONE this 19th day of July, 2007.

                                    /s/ W. Keith Watkins
                                UNITED STATES DISTRICT JUDGE

NOTICE!   NOTICE!   NOTICE!   NOTICE!

There are advantages to consenting to a trial before a magistrate judge.  The principal advantage is that the magistrate judge does not have a docket such as do the district judges and is very flexible on giving you a time to try your case.  The Court assures you that all four of our magistrate judges are extremely competent and knowledgeable of the law and the procedures necessary to try any civil case.  As you know, the dockets of the district judges are very congested.  As the magistrate judge will be conducting the discovery proceedings in the case, he or she will be more familiar with the case than will the district judge.  Remember, however, that if you elect to mediate before the magistrate judge to whom the case is assigned, that magistrate judge may not then try your case but the case may be assigned to another magistrate judge if you elect for a magistrate judge to try your case.  If you do elect to proceed to trial before a magistrate judge, you should notify the district judge to whom your case is assigned so that he, as a matter of courtesy, may telephone the magistrate judge and inform him or her that you desire to try your case before him or her.  The parties are encouraged to consider this as an alternative in order to speedup the judicial process.  The form and notice of availability of a magistrate judge are attached.  The form and notice of availability of a magistrate judge are attached.

The parties are advised that they are free to withhold their consent without adverse consequences.

Case 2:07-cv-00472-WKW-TFM   Document 13   Filed 07/19/2007   Page 6 of 8

⚖AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

MIDDLE District of ALABAMA

| | |
|---|---|
| Plaintiff<br>V.<br><br>Defendant | NOTICE, CONSENT, AND ORDER OF REFERENCE — EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE<br><br>Case Number: |

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE

## TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| | | |
| | | |
| | | |

**ORDER OF REFERENCE**

    IT IS ORDERED that this case be referred to _____ United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____     _____
          Date                                                                   United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

# NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE TO EXERCISE JURISDICTION AND APPEAL OPTION

In accordance with the provisions of Title 28, U.S.C. 636(c), and Fed.R.Civ.P. 73, you are hereby notified that a United States Magistrate Judge of this district court is available to exercise the court's jurisdiction and to conduct any or all proceedings in this case including a jury or nonjury trial, and entry of a final judgment.  Exercise of this jurisdiction by a Magistrate Judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.  If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Copies of the Form for the "Consent to Exercise of Jurisdiction by a United States Magistrate Judge and Order of Reference" are available from the clerk of the court.

It is the responsibility of defense counsel to forward this form to the plaintiff or plaintiff's counsel if the defendant elects to consent to proceed before a United States Magistrate Judge.  If plaintiff elects to proceed then, and only then, should the form be filed with the clerk's office.